*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRIAN KELLEY GRANGER,

        Defendant-Appellant.

UNPUBLISHED
August 4, 2022

No.  355477
Midland Circuit Court
LC No.  83-004565-FC

Before: GLEICHER, C.J., and SAWYER and GARRETT, JJ.

SAWYER, J. (*dissenting*).

I respectfully dissent.

The two issues before us are whether the sentencing judge abused his discretion in finding that the evidence presented, over the three-day hearing, justified imposing a life-without-parole sentence or were there mitigating and aggravating circumstances that would justify resentencing the defendant to a term of years. The second issue is whether the defendant should be resentenced before a different judge.

After reviewing the record before us and reading Judge Stephen P. Carras's 39-page opinion and order on defendant's resentencing, I conclude that the judge did not abuse his discretion when he found that the *Miller v Alabama,* 567 US 460, 489; 132 S Ct 2455; 183 L Ed 2d 407 (2012), factors do not mitigate the crime committed and do not reflect the transient immaturity of youth.

The trial court concluded its lengthy, detailed, and compelling opinion as follows:

> This Court has considered the all [sic] factors as discussed above and found that none of them have mitigating effect on this case. The Defendant is not a young or immature boy misled by others to commit crime. He was 17 years and 8 months old and he was experienced in the criminal justice system. Though his home life was very dysfunctional and chaotic, there was no evidence of his home life being especially bad for that area or time nor was it a brutal environment from which he could not escape. The circumstances of the offense clearly show that Defendant

-1-

acted entirely on his own and was under no pressure from anyone else to commit a crime. The evidence also establishes that this was not [a] chance, impulsive encounter with an unintended result. The crimes of criminal sexual conduct and murder were premeditated in that Defendant had ample time and many opportunities to stop and reconsider his actions. He could have stopped following Sandra Nestle when Lois Cline drove by, but he continued. Even after the attack had begun, he could have stopped when she was grabbing and scratching his arm while he choked her, but he did not. He could have stopped after she was unconscious and had gone limp but instead, he removed her clothes. He could have stopped after he removed her clothes but instead, as the forensic evidence shows, he sexually assaulted her. He could have stopped after the assault was complete and left her there but instead he carried her limp body across the road and placed her face down at the bottom of a water filled ditch and then covered her body with vegetation in the hopes that she would not be discovered. The Defendant's actions were intentional and premeditated; he could have stopped but he did not.

Defendant was not a naïve youth misled by law enforcement into surrendering information. His criminal record shows that he was involved in the juvenile system and had the benefit of services that were given to him, including detention for an extended period at Boysville. His interactions with officers were typical of adults. He had repeatedly lied to the officers interrogating him, only when he was informed of eyewitness accounts did he ever slightly change his story until he admitted a version of what happened. Defendant's actions and statements show in fact that he was able to understand what was going on and understood the consequences of his actions.

While in prison, Defendant has joined Christian organizations and made attempts to better himself. Defendant gave allocution saying that he was sorry for the actions he committed and has asked God to take away the pain the family feels. Defendant also stated directly to the family that he never wants to do violence again and assured them that he felt their pain and that he wants them to know he never stopped thinking about the pain he caused and that he is deeply sorry. Ms. Howe agreed, on cross examination, that an individual must accept full responsibility for their crimes to merit release. Dr. Wendt also agreed, on cross examination, that acceptance of full responsibility of ones [sic] actions is an important part of rehabilitation though he maintained that inconsistencies between Defendant's story and the facts could be dealt with in counseling. In 1983, Judge Gillespie found that Defendants [sic] version of the events was not consistent with the evidence. Thirty-six years later, this Court finds that Defendant is still not being truthful and therefore is still not accepting responsibility for his actions.

As Judge Gillespie said at Defendant's sentencing in 1984, "There comes a time when society has to say enough, and you forfeit your right to live in society." In considering all of the evidence, testimony, and exhibits thus submitted for consideration under the *Miller* factors, this Court finds that the factors do not mitigate the crimes committed and do not reflect the transient immaturity of youth. Therefore, life without possibility of parole was the just and proportionate sentence

in 1984 and remains so today.  The Defendant is hereby sentenced to life without
the possibility of parole.  [Footnotes omitted.]

The trial court well-articulated the basis for the sentence in this heinous crime.  Our review of the sentence is for an abuse of discretion.  *People v Skinner*, 502 Mich 89, 131; 917 NW2d 292 (2018).  This requires that the sentence be proportionate to the offense and the offender.  *Id.* at 131-132.  More to the point, our review is not de novo nor do we substitute our judgment for that of the trial court.  *Id.* at 132.  Thus, we should affirm unless the sentence imposed falls outside the range of principled outcomes.  *Id.* at 133, quoting *People v Babcock,* 469 Mich 247, 269; 666 NW2d 231 (2003).  With this in mind, I am not persuaded that the trial court's decision falls outside the range of principled outcomes, and the majority is merely substituting its judgment for that of the trial court.

I therefore would affirm the judge's well-reasoned opinion to resentence defendant to life without parole.


/s/ David H. Sawyer